IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:02-cr-00305-BR |
| | (3:16-cv-01283-BR) |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| MICHAEL GEORGE LASICH, | |
| Defendant. | |

**BILLY J. WILLIAMS**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1014

       Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Public Defender
**ELIZABETH G. DAILY**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael George Lasich's Motion (#32) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons that follow, the Court **DENIES in part** and **STAYS** this matter pending a decision by the Supreme Court in *Lynch v. Dimaya*, 137 S. Ct. 31 (2016).

## BACKGROUND

On September 6, 2002, Defendant was charged in a Superseding Indictment with two counts of Interference with Commerce by Threat or Violence (Hobbs Act robbery) in violation of 18 U.S.C. § 924(c), two counts of Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. § 922(g), and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g).

On March 20, 2003, Defendant pled guilty to the two Hobbs Act robbery counts and to the one count of Brandishing a Firearm.

On May 29, 2003, Senior District Judge James Redden held a sentencing hearing, sentenced Defendant to concurrent 121-month terms of imprisonment on the two Hobbs Act robbery counts, imposed a mandatory consecutive sentence of 84 months on the count of Brandishing a Firearm, and sentenced Defendant to three years of supervised release.

On June 5, 2003, the Court entered a Judgment. Defendant did not appeal his conviction.

On June 25, 2016, Defendant filed a Motion to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 in which he asserts his sentence should be vacated. Specifically, Defendant asserts his sentence was imposed in violation of the Constitution or laws of the United States because Hobbs Act robbery is not a crime of violence that can sustain a conviction for violation of 18 U.S.C. § 924(c) after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On June 9, 2017, Defendant was released from prison and began serving his three-year term of supervised release.

On October 23, 2017, Defendant's Motion to Vacate was fully briefed, and the Court took Defendant's Motion under advisement.

## **DISCUSSION**

Defendant moves to modify or to set aside his sentences on the ground that Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c) after the Supreme Court's decision in *Johnson*. Alternatively, Defendant asserts the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017), provides a separate grounds for resentencing based on the correct interpretation of the sentencing provisions in 18 U.S.C. §§ 924(c), 3584(a), and 3553(a).

The government asserts Defendant was not sentenced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and, therefore, *Johnson* does not apply to this matter.  The government also asserts *Dean* is not retroactively applicable on collateral review, and, as a result, Defendant's Motion is untimely.

I.   **AEDPA Timeliness Requirements**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) motions to vacate or to set aside sentences pursuant to § 2255 are subject to a one-year limitation period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255(f)(1), (3).  Defendant does not dispute his June 25, 2016, Motion to Vacate is untimely under § 2255(f)(1) because he filed it more than one year after his sentence became final.  Defendant, however, asserts his Motion to Vacate is timely under § 2255(f)(3) because of the Supreme Court's ruling in *Johnson* and/or the Supreme Court's decision in *Dean*.

## II. The ACCA and *Johnson*

The ACCA requires a defendant to be sentenced to a mandatory minimum prison term of 15 years to life if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Courts refer to the first clause, § 924(e)(2)(B)(i), as the elements clause, the first part of the disjunctive statement in (ii) as the enumerated-offenses clause, and the second part of the disjunctive statement in (ii) (starting with "or otherwise") as the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563; *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

In *Johnson* the Supreme Court held "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process" on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites

arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. Subsequently in *Welch v. United States* the Supreme Court held its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. The Court specifically noted in *Johnson*, however, that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony." 135 S. Ct. at 2653.

**III. Plaintiff's *Dean* Ground for Relief**

Defendant asserts the Supreme Court's holding in *Dean* requires resentencing and satisfies the timeliness requirement of § 2253(f). As noted, the government asserts *Dean* is not retroactively applicable to cases on collateral review and, therefore, does not satisfy the requirement of § 2255(f)(3).

In *Dean* the Supreme Court held a sentencing court is not prohibited from considering the impact of the mandatory minimum sentence required under 18 U.S.C. § 924(c) when determining the appropriate sentence for the predicate offense. *Dean*, 137 S. Ct. at 1176 ("Nothing in § 924(c) restricts the authority conferred on sentencing courts by § 3553(a) and the related provisions to consider a sentence imposed under § 924(c) when calculating a

just sentence for the predicate count.").

Although the Ninth Circuit has not addressed the issue, courts that have considered it concluded *Dean* is not retroactively applicable to cases on collateral review. *See, e.g., United States v. Cooley*, No. 1:09-cr-331, 2017 WL 4003355, at *2 (W.D. Mich. Sept. 12, 2017)(concluding *Dean* was not retroactively applicable to cases on collateral review and, therefore, did not satisfy the criteria of § 2255(f)(3)); *United States v. Thornbrugh*, No. 89-CR- 0067-CVE, 2017 WL 3976295, at *2 (N.D. Okla. Sept. 8, 2017)("The Supreme Court did not expressly make *Dean* retroactively applicable to cases on collateral review, and no court has found that *Dean* applies retroactively. Even if *Dean* did apply retroactively, *Dean* does not state a mandatory rule that would entitle defendant to a sentencing reduction, and *Dean* simply reaffirms the clearly established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of statutory mandatory minimum sentence."); *United States v. Taylor*, No. 7:12CR00043, 2017 WL 3381369, at *4 (W.D. Va. Aug. 4, 2017)("*Dean* does not apply retroactively to § 2255 proceedings."); *Hall v. United States*, No. 17-C-3892, 2017 WL 3235438, at *3 (N.D. Ill. July 31, 2017)("The *Dean* Court made no mention of applying its holding retroactively to cases on collateral review, and the United States Court of Appeals for the Seventh Circuit has yet to

address whether courts should apply *Dean* as such."); *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2 (E.D. Mich. July 17, 2017)("[T]here is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review."); *In re Dockery*, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying certification because the defendant did not make "a *prima facie* showing that *Dean* announced a new rule of constitutional law that was made retroactive to cases on collateral review"); *United States v. Adams*, No. 7:06-cr-22-1, 2017 WL 2829704, at *2 (W.D. Va. June 29, 2017)(dismissing the defendant's § 2255 motion as untimely filed because *Dean* does not apply retroactively to § 2255 proceedings); *Morban-Lopez v. United States*, 3:17-cv-237-GCM, 2017 WL 2682081, at *2 n.2 (W.D.N.C. June 21, 2017)("[T]he Supreme Court's ruling in *Dean* does not render the motion to vacate timely under Section 2255(f)(3).").

The Court adopts the reasoning of these cases. The Supreme Court did not indicate in *Dean* that its decision was retroactively applicable on collateral review. In addition, *Dean* merely reaffirms the clearly established proposition that a sentencing court has the discretion to depart from the sentencing guidelines absent the applicability of a statutory mandatory minimum sentence. Accordingly, the Court concludes *Dean* is not

retroactively applicable on collateral review and, therefore, does not satisfy the requirements of § 2255(f)(3) or render Defendant's Motion timely.

**IV. Plaintiff's *Johnson* Ground for Relief**

As noted, Defendant asserts Hobbs Act robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c) after the Supreme Court's decision in *Johnson*, and, therefore, his sentence should be vacated.

The government asserts Defendant was not sentenced as an armed career criminal under the ACCA or its residual clause, and, therefore, *Johnson* does not apply to satisfy the AEDPA timeliness requirements of 28 U.S.C. § 2255(f)(3). Defendant, however, contends the holdings in *Johnson* and *Welch* should be extended to 18 U.S.C. § 924(c)(3)(B), and, therefore, under the circumstances of this case Defendant would satisfy the requirement of § 2255(f)(3) because his Motion to Vacate was filed within one year of a "right . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Defendant relies primarily on the Ninth Circuit's holding in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015).

In *Dimaya* the plaintiff, a citizen of the Philippines, filed a petition for review of the Board of Immigration Appeals (BIA) determination that his California convictions for first-degree residential burglary were categorically "crimes of violence"

9 - OPINION AND ORDER

pursuant to 18 U.S.C. § 16(b), and, therefore, he was removable for having been convicted of an aggravated felony. The Ninth Circuit concluded 18 U.S.C. § 16(b)[1] suffered from the same constitutional infirmities as the residual clause of the ACCA on the ground that use of the categorical approach to determine which offenses are "crimes of violence" within the meaning of § 16(b) requires "judicial hypothecating" and involves "double indeterminacy" with regard to the amount of risk required. The Ninth Circuit, therefore, concluded the reasoning of *Johnson* is applicable to § 16(b). 803 F.3d at 1116-17.

*Dimaya,* however, was a direct appeal of a BIA determination and did not involve a § 2255 or collateral attack on a sentence. The Ninth Circuit, therefore, did not address whether the requirements of § 2253(f) were met.

Various courts have been presented with vagueness challenges to the constitutionality of § 924(c)(3)(B) on direct appeal after *Johnson* and *Dimaya*, and they are divided as to the resolution of

---

[1] 18 U.S.C. § 16 provides:

The term "crime of violence" means—

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

10- OPINION AND ORDER

the issue. For example, the Second, Fifth, Sixth, Eighth, and Eleventh Circuits have concluded § 924(c)(3)(B) is not void for vagueness pursuant to *Johnson*. *See United States v. Hill*, 832 F.3d 135, 145 (2d Cir. 2016); *United States v. Davis*, 677 F. App'x 933, 936-37 (5th Cir. 2017); *United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016); *United States v. Prickett*, 839 F.3d 697, 699-700 (8th Cir. 2016); *Ovalles v. United States*, 861 F.3d 1257, 1262-67 (11th Cir. 2017). The Seventh Circuit, on the other hand, has held § 924(c)(3)(B) is unconstitutionally vague under the reasoning of *Johnson*. *See United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016). District courts in the Ninth Circuit and elsewhere are also split. *Compare, e.g., United States v. Bell*, 158 F. Supp. 3d 906, 921-24 (N.D. Cal. 2016)(holding the residual clause of § 924(c)(3)(B) is unconstitutional in light of *Johnson* and *Dimaya*); *United States v. Smith*, 215 F. Supp. 3d 1026, 1035-36 (D. Nev. 2016)(same); *United States v. Herr*, No. 16-cr-10038-IT, 2016 WL 6090714, at *2-3 (D. Mass. Oct. 18, 2016)(same); *United States v. Edmundson*, 153 F. Supp. 3d 857, 861-64 (D. Md. 2015)(same); *with United States v. Violante*, 2017 WL 3387563, at *4 (S.D. Cal. Aug. 7, 2017)(holding the residual clause of § 924(c)(3)(B) remains constitutional after *Johnson*); *United States v. Lott*, No. 95cr0072 WQH, 16cv1575 WQH, 2017 WL 553467, at *3 (S.D. Cal. Feb. 9, 2017)(same); *United States v. Tsarnaev*,

11- OPINION AND ORDER

157 F. Supp. 3d 57, 71-74 (D. Mass. 2016)(same); *United States v. Green*, No. 15-cr-00526, 2016 WL 277982, at *3-5 (D. Md. Jan. 22, 2016)(same).

In September 2016 the Supreme Court accepted *certiorari* in *Dimaya* and heard oral argument in October 2017. In its Response to Defendant's Motion to Vacate the government suggests in light of the Supreme Court's acceptance of *certiorari* and the fact that Defendant is out of custody, it would be prudent for this Court to stay these proceedings until the Supreme Court issues a decision in *Dimaya* clarifying the reach of *Johnson* to § 2255 proceedings that do not involve the residual clause of the ACCA. The Court agrees.

Accordingly, based on the fact that the Ninth Circuit did not address whether the requirements of § 2253(f) were met in *Dimaya* because that case did not involve a § 2255 or collateral attack on a sentence; on the existence of a split in the circuit courts as to whether § 924(c)(3)(B) is void for vagueness pursuant to *Johnson*; and on the likelihood that the Supreme Court's decision in *Dimaya* will resolve whether Defendant's Motion is timely, the Court stays this matter pending the Supreme Court's ruling in *Dimaya*.

## CONCLUSION

For these reasons, the Court **DENIES in part** Defendant's

Motion (#25) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 to the extent that Defendant asserts *Dean* is retroactively applicable on collateral review and **STAYS** this matter to the extent that Defendant asserts § 924(c)(3)(B) is void for vagueness pursuant to *Johnson*.

The Court **DIRECTS** the parties to file a joint status report no later than 10 days after the Supreme Court issues a ruling in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and to advise this Court of the Supreme Court's ruling and the parties' positions on the effect of that ruling.

IT IS SO ORDERED.

DATED this 20th day of December, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge