IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL GEORGE LASICH,<br><br>Defendant. | 3:02-cr-00305-BR<br>(3:16-cv-01283-BR)<br><br>OPINION AND ORDER |

**BILLY J. WILLIAMS**
United States Attorney
**THOMAS H. EDMONDS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204
(503) 727-1014

    Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**STEPHEN R. SADY**
Chief Deputy Federal Public Defender
**ELIZABETH G. DAILY**
Assistant Federal Public Defender
101 S.W. Main Street
Suite 1700
Portland, OR  97201
(503) 326-2123

    Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Michael George Lasich's Motion (#32) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On September 6, 2002, Defendant was charged in a Superseding Indictment with two counts of Interference with Commerce by Threat or Violence (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951, two counts of Brandishing a Firearm during a Crime of Violence in violation of 18 U.S.C. § 924(c), and one count of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g).

On March 20, 2003, Defendant pled guilty to the two counts of Hobbs Act Robbery and the one count of Brandishing a Firearm.

On May 29, 2003, Senior District Judge James Redden held a sentencing hearing, sentenced Defendant to concurrent 121-month terms of imprisonment on the two counts of Hobbs Act Robbery, imposed a mandatory consecutive sentence of 84 months on the count of Brandishing a Firearm, and sentenced Defendant to three years of supervised release.

On June 5, 2003, the Court entered a Judgment. Defendant did not appeal his conviction.

On June 25, 2016, Defendant filed a Motion (#25) to Vacate or Correct Sentence Pursuant to 28 U.S.C. § 2255 in which he asserts his sentence should be vacated. Specifically, Defendant asserts his sentence was imposed in violation of the Constitution or laws of the United States because Hobbs Act Robbery is not a crime of violence that can support a conviction for violation of 18 U.S.C. § 924(c) after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

On June 9, 2017, Defendant was released from prison and began serving his three-year term of supervised release.

On December 22, 2017, the Court issued an Opinion and Order in which it denied in part Defendant's Motion to Vacate, Set Aside or Correct Sentence to the extent that Defendant asserted *Dean v. United States*, 137 S. Ct. 1170 (2017), is retroactively applicable on collateral review; stayed the matter to the extent that Defendant asserted § 924(c)(3)(B) is void for vagueness pursuant to *Johnson*; and directed the parties to file a joint status report no later than ten days after the Supreme Court issued a ruling in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), to advise the Court of the parties' positions on the effect of that ruling.

On May 25, 2018, the government filed a Supplemental Response to Defendant's Motion to Vacate addressing the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

3 - OPINION AND ORDER

On June 8, 2018, Defendant filed a Supplemental Reply to his Motion to Vacate addressing the Supreme Court's decision in *Dimaya*. The Court took this matter under advisement on June 8, 2018.

**DISCUSSION**

Defendant moves to modify or to set aside his sentences on the ground that Hobbs Act Robbery does not qualify as a crime of violence under 18 U.S.C. § 924(c) after the Supreme Court's decisions in *Johnson* and *Dimaya*.

The government, however, asserts Defendant was sentenced under the force clause rather than under the residual clause of 18 U.S.C. § 924(c), and, therefore, *Johnson* and *Dimaya* do not apply to this matter.

**I. AEDPA Timeliness Requirements**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) motions to vacate or to set aside sentences pursuant to § 2255 are subject to a one-year limitation period that runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; [or]
>
> * * *
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases

on collateral review.
28 U.S.C. § 2255(f)(1), (3). Defendant does not dispute his June 25, 2016, Motion to Vacate is untimely under § 2255(f)(1) because he filed it more than one year after his sentence became final. Defendant, however, asserts his Motion to Vacate is timely under § 2255(f)(3) because of the Supreme Court's rulings in *Johnson* and/or *Dimaya*.

## II. The Armed Career Criminal Act (ACCA) and *Johnson*

The ACCA requires a defendant to be sentenced to a mandatory minimum prison term of 15 years to life if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines a violent felony as any crime punishable by imprisonment for a term exceeding one year that:

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Courts refer to the first clause, § 924(e)(2)(B)(I), as the elements clause, the first part of the disjunctive statement in (ii) as the enumerated-offenses clause, and the second part of the disjunctive statement in (ii) (starting with "or otherwise") as the residual clause. *See, e.g., Johnson*, 135 S. Ct. at 2563; *United States v. Lee*, 821 F.3d

5 - OPINION AND ORDER

1124, 1126 (9th Cir. 2016).

In *Johnson* the Supreme Court held "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process" on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. Subsequently in *Welch v. United States* the Supreme Court held its decision in *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. The Court specifically noted in *Johnson*, however, that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of violent felony." 135 S. Ct. at 2653.

### III. *Sessions v. Dimaya*

Defendant asserts the Supreme Court's holding in *Dimaya* requires resentencing and satisfies the timeliness requirement of § 2253(f). The government, however, asserts *Dimaya* is inapplicable because even if the residual clause of § 924(c) is unconstitutional after *Johnson* and *Dimaya*, Hobbs Act Robbery is still a crime of violence under the force clause of § 924(c),

and, therefore, Defendant's sentence is not affected by *Dimaya*.

In *Dimaya* the Supreme Court addressed whether the residual clause of 18 U.S.C. § 16 is constitutional. Specifically, the Immigration Nationalization Act (INA) "renders deportable any alien convicted of an 'aggravated felony' after entering the United States." 8 U.S.C. § 1227(a)(2)(A)(iii). "The INA defines 'aggravated felony' by listing numerous offenses and types of offenses, often with cross-references to federal criminal statutes." *Dimaya*, 138 S. Ct. at 1211 (citing 8 U.S.C. § 1101(a)(43) and *Luna Torres v. Lynch*, 136 S. Ct. 1619, 1623 (2016)). The cross-referenced statute at issue in *Dimaya* is 18 U.S.C. § 16, which provides "the federal criminal code's definition of 'crime of violence'":

> (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Courts refer to clause (a) as the elements clause and clause (b) as the residual clause. Only the residual clause was at issue in *Dimaya*. The Supreme Court reiterated in *Dimaya* the concerns that it enumerated in *Johnson* regarding the residual clause of the ACCA, noted its concerns applied equally to the residual clause of § 16, and concluded the residual clause of § 16 is

impermissibly vague in violation of due process. 138 S. Ct. 1216-18 ("In sum, § 16(b) has the same 'two features' that 'conspired to make ACCA's residual clause unconstitutionally vague.").

As noted, the government asserts even if the residual clause of § 924(c) is unconstitutional after *Johnson* and *Dimaya*, Hobbs Act Robbery is still a crime of violence under the force clause of § 924(c), and, therefore, Defendant's sentence is not affected by *Dimaya*.

**IV. Analysis**

18 U.S.C. § 924(c) imposes a mandatory seven-year sentence for any person brandishing a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). 18 U.S.C. § 924(c)(3) defines a crime of violence as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Courts refer to clause (A) as the force clause and clause (B) as the residual clause.

As noted, Defendant asserts after *Johnson* and *Dimaya* the residual clause of § 924(c)(3) is unconstitutionally vague, and, therefore, the Court should vacate his sentence. The government,

8 - OPINION AND ORDER

however, asserts Defendant's conviction and sentence do not implicate the residual clause of § 924(c)(3). Specifically, the government asserts Defendant's § 924(c)(3) convictions involved Hobbs Act Robbery as the underlying crime of violence and courts have held Hobbs Act Robbery is a crime of violence under the force clause of § 924(c)(3), the constitutionality of which is not undermined by *Johnson* or *Dimaya*.

After *Johnson* the Ninth Circuit held in *Howard v. United States* that Hobbs Act Robbery qualifies as a "crime of violence" under the force clause of § 924(c)(3). 650 F. App'x 466, 468 (9th Cir. 2016). In *Howard* the Ninth Circuit rejected the defendant's argument that "because Hobbs Act robbery may also be accomplished by putting someone in 'fear of injury,' 18 U.S.C. § 1951(b), it does not necessarily involve 'the use, attempted use, or threatened use of physical force.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). The Ninth Circuit concluded the defendant's arguments were foreclosed by *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). The court explained:

> In *Selfa*, we held that the analogous federal bank robbery statute, which may be violated by "force and violence, or by *intimidation*," 18 U.S.C. § 2113(a)(emphasis added), qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of "crime of violence" as § 924(c). *Selfa*, 918 F.2d at 751. We explained that "intimidation" means willfully "to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*," which satisfies the requirement of a

9 - OPINION AND ORDER

> "threatened use of physical force" under § 4B1.2.
> *Id.* (emphasis added)(quoting *United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983)).
> Because bank robbery by "intimidation" — which is defined as instilling fear of injury — qualifies as a crime of violence, Hobbs Act robbery by means of "fear of injury" also qualifies as crime of violence.

*Howard*, 650 F. App'x at 468.[1] In addition, district courts in the Ninth Circuit have held Hobbs Act Robbery is a crime of violence under the force clause of § 924(c)(3), the constitutionality of which is not called into question by *Johnson*. *See, e.g., United States v. Banks*, No. 2:12-cr-00201-KJD-VCF, 2018 WL 2222722, at *2 (D. Nev. May 15, 2018)("While the Supreme Court has made clear that the 924(c)(3)(B) residual clause is seemingly unconstitutional, *Johnson* and its progeny have no effect on Petitioner's conviction because Hobbs Act Robbery is decidedly a crime of violence under the constitutional 924(c)(3)(A) force clause."); *McGriggs v. Shinn*, No. EDCV 16-1757-SVW (JEM), 2017 WL 9477013, at *8 (C.D. Cal. Sept. 27, 2017)("Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(A). Therefore, *Johnson* is inapplicable, and Petitioner's sentence under § 924(c)(1)(A) is constitutional."); *United States v. Richardson*, No. 1:97-CR-

---

[1] The Ninth Circuit specifically declined to consider the defendant's "arguments regarding § 924(c)'s alternative 'residual clause' definition of 'crime of violence'" because it concluded "Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause." 650 F. App'x at 468 n.3.

10- OPINION AND ORDER

05129-LJO, 2017 WL 3896307, at *8 (E.D. Cal. Sept. 6, 2017)
("Hobbs Act robbery is a crime of violence under the force clause
of § 924(c)(3)(A). Therefore, Petitioner's sentence under
§ 924(c)(1)(A) was not imposed in violation of the Constitution
or the laws of the United States."); *United States v. Casas*,
No. 10cr3045-1, 2017 WL 1008109, at *5 (Mar. 14, 2017)("The Court
. . . find[s] that Hobbs Act robbery does not fail to meet the
*mens rea* requirement for a "crime of violence." Accordingly, the
Court holds that Hobbs Act Robbery is a crime of violence within
the meaning of § 924(c)(3)(A). Because the Court finds Hobbs Act
Robbery is a crime of violence under the force clause, the Court
need not and does not reach the issue of whether *Johnson* applies
to the residual clause of § 924(c)(3)(B).").

The Court finds persuasive and, therefore, adopts the
reasoning of these cases and concludes Hobbs Act Robbery
satisfies the requirements of the force clause, § 924(c)(3)(A).
Accordingly, the Court concludes Defendant's conviction and
sentence do not implicate the residual clause of
§ 924(c)(3), and, therefore, Defendant's conviction and sentence
are not undermined by *Johnson* and/or *Dimaya*. Accordingly,
Defendant's sentence was not imposed in violation of the
Constitution or the laws of the United States, and, therefore,
the Court denies Defendant's Motion to Vacate, Set Aside or
Correct Sentence pursuant to § 2255.

11- OPINION AND ORDER

## V. Certificate of Appealability

Because the legal issues raised in Defendant's Motion are not clearly established and because Defendant's arguments have the possibility of reasonable disagreement, the Court grants Defendant a certificate of appealability.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#32) to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and **GRANTS** Defendant a certificate of appealability.

IT IS SO ORDERED.

DATED this 27th day of July, 2018.

_____
ANNA J. BROWN
United States Senior District Judge